UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
CASE NO.

RAKIB HASAN,

       Plaintiff,

v.

AM&R INC, d/b/a Kwik Stop,
ZAHIRUL ISLAM and
ARJU BEGUM

       Defendant.
_____/

## COMPLAINT

Plaintiff, Rakib Hasan, by and through his undersigned attorney, files this Complaint against Defendants, AM&R Inc. d/b/a Kwik Stop, a Florida corporation, Zahirul Islam, individually, and Arju Begum (collectively "Defendants"), individually, and states as follows:

### PARTIES, VENUE, and JURISDICTION

1. This is an action to recover unpaid overtime and minimum wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq, (hereinafter "FLSA").

2. The court has jurisdiction based on 29 U. S.C. §216(b).

3. Plaintiff, Rakib Hasan (hereinafter referred to as "Plaintiff"), was an employee of Defendants. He was paid by Defendants, performed work for Defendants, and the individual Defendants gave him regular instruction on how to perform his job.

4. Defendant AM&R INC. d/b/a Kwik Stop (hereinafter referred to as "Corporate Defendant") is a retail business operating in Dania Beach. By way of operating this

business, Defendant is engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s). Defendant does business under the name Kwik Stop.

5. Defendant Zahirul Islam has the title of President of the Corporate Defendant. He was one of Plaintiff's direct supervisors and was responsible for how, when, and how much pay was received by Plaintiff. He is considered an employer of Plaintiff.

6. Defendant Arju Begum has the title of Director of the Corporate Defendant. He was one of Plaintiff's direct supervisors and was responsible for how, when, and how much pay was received by Plaintiff. He is considered an employer of Plaintiff.

7. Defendants have two or more employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

8. Upon information and belief, Defendants exceeds the $500,000 annual gross revenue threshold needed to be a covered enterprise under the FLSA.

9. Plaintiff is individually covered under the FLSA as he was directly involved in interstate commerce as a cashier/sales associate for Defendants. In this position he processed credit cards and accepted deliveries from over state lines and had moved through interstate commerce.

10. This Court has jurisdiction over Defendants because they engage in substantial business activity within the District, Plaintiff was employed in the District, and all of the allegations in this Complaint occurred in the District.

11. Venue is proper due to the unlawful employment practices alleged occurring in the county of Broward.

**FACTS**

12. Plaintiff was hired by Defendants in July 2018 as a cashier/sales associate. His job duties included ringing up customers, stocking shelves, cleaning, and closing out the day shift.

13. At the beginning of his employment, Plaintiff was working between 30 and 35 hours per week. However, in December 2019, Plaintiff's hours were bumped up to approximately 55 hours per week.

14. Plaintiff was regularly paid $12.00 per hour.

15. Once he began working extended hours, Plaintiff was not always paid for all hours worked and was not paid anything at all for overtime.

16. When Plaintiff asked about the extra money, Defendants told him that they were saving it for him. Plaintiff was dubious of this but continued to work because he needed the job.

17. In February of 2021, Plaintiff planned on taking a vacation and asked Defendants for the overtime wages they had "saved" for him. Defendants refused.

18. Plaintiff could no longer continue working for Defendants if they were not going to pay him the money they owed and were not "saving" it for him. Because of this, his employment was constructively terminated.

19. The FLSA mandates that an unexempt employee be paid 1.5x the regular rate of pay for any hours worked over 40 in a work week.

20. Plaintiff's overtime rate should have been $18.00 per hour.

21. Plaintiff averaged approximately 5 hours of unpaid regular hours per week and 15 hours of unpaid overtime per week over a period of approximately 62 weeks. His approximate owed regular wages are $3,720. His approximate owed overtime is $16,740.

22. Plaintiff had agreed to work for the Corporate Defendant for $12 per hour. In doing so, he has entered into a contract for employment with the Corporate Defendant.

23. By Plaintiff working and the Corporate Defendant failing to pay wages, Corporate Defendant has breached its contract with Plaintiff.

24. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned wages in compliance with the FLSA and is liable for monetary damages.

25. Records of the number of hours worked each week by Plaintiff are required to be in possession of Defendants.  However, Defendants did not accurately record the hours worked by Plaintiff thus Defendants are not likely able to produce an accurate account of the hours actually worked by Plaintiff.

26. In determining its payment policies, specifically not paying overtime to an hourly worker working more than 40 hours per week, Defendants did not consult an attorney.

27. In determining its payment policies, specifically not paying overtime to an hourly worker working more than 40 hours per week, Defendants did not consult an accountant.

28. By intentionally failing to properly determine how overtime laws apply to Plaintiff, Defendants have shown reckless disregard for the FLSA.  Due to this, Defendants are liable for an additional equal amount of damages to Plaintiff in the form of liquidated damages.

29. Plaintiff has hired the undersigned attorney and law firm to represent him in this matter and is obligated to pay attorney's fees.

**COUNT I**
**VIOLATION OF 29 U.S.C. § 207 (FAILURE TO PAY OVERTIME)**

30. Plaintiff repeats and realleges Paragraphs 1 through 27 as if fully set forth herein.

31. At all times relevant, Defendants have been, and continue to be respectively, an "employer" engaged in interstate commerce within the meaning of the FLSA.

32. During his employment, Plaintiff worked in excess of forty (40) hours per week for

which he was not compensated at the statutory rate of 1.5x her regular rate of pay for all of those hours worked.

33. Plaintiff was entitled to be paid at the rate of 1.5x his regular rate of pay for all his hours worked in excess of the maximum hours (40 hours) as he is entitled under the FLSA.

34. Defendants failed to pay overtime wages to Plaintiff for hours worked in excess of forty hours per week.

35. By failing to compensate Plaintiff at a rate of not less than 1.5x his regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and §215(a).

36. Defendants' conduct is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

37. Defendants owe Plaintiff for the hours worked in excess of 40 hours in a workweek at a rate of not less than 1.5x his regular rate of pay for each of those hours.

38. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

39. Due to Defendants' willful disregard of the FLSA and a lack of good faith in applying the FLSA, Plaintiff is entitled to liquidated damages.

40. Defendants knowingly and willfully failed to pay Plaintiff 1.5x his regular rate of pay for all hours worked in excess of forty (40) per week.  Accordingly, Plaintiff has suffered damages for unpaid overtime wages, plus an equal amount in liquidated damages, costs and reasonable attorneys' fees.

41. It is estimated that Plaintiff is owed $16,740.00 for his 930 overtime hours worked, plus an additional $16,740.00 in liquidated damages.

## COUNT II
## VIOLATION OF 29 U.S.C. § 215 (RETALIATION)

42. Plaintiff repeats and realleges Paragraphs 1 through 41 as if fully set forth herein.

43. At all times relevant, Defendants failed to pay Plaintiff his owed overtime wages.

44. Plaintiff complained to Defendants about the failure to pay overtime wages in February 2021.

45. After Plaintiff complained about his owed overtime wages, Defendants made it clear to Plaintiff that they were not saving his money and that they were never going to pay him his owed overtime wages.

46. At this point, Plaintiff could not longer work for Defendants if they had no intention of paying him what he was owed.

47. Plaintiff's employment was constructively terminated.

48. Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

49. Because section 15(a)(3) prohibits "any person" from retaliating against "any employee" all Defendants are liable for damages against employee.

50. Any employee who is "discharged or in any other manner discriminated against" because he has objected to the failure to pay overtime may file private cause of action seeking appropriate remedies including, but not limited to, employment, reinstatement, lost wages and an additional equal amount as liquidated damages.

51. At all relevant times, Plaintiff was an "employee" and Defendants were each an "employer," as those terms are defined by 29 U.S.C. § 203.

52. Defendants retaliated against Plaintiff in violation of the FLSA by terminating Plaintiff after Plaintiff requested unpaid overtime wages.

## COUNT III
### Breach of Contract - Unpaid Wages
### (Corporate Defendant)

53. Plaintiff repeats and realleges Paragraphs 1 through 41 as if fully set forth herein.

54. Plaintiff agreed to work for Corporate Defendant for a wage of $12 per hour.

55. Corporate Defendant agreed to pay Plaintiff $12 per hour for his work.

56. By the parties agreeing to this wage and Plaintiff performing work, parties entered into a binding employment contract.

57. Corporate Defendant has partially performed on this contract by paying Plaintiff $12 per hour for approximately 35 of the 40 regular hours worked for a period of approximately 62 weeks.

58. Corporate Defendant has breached this contract by failing to pay Plaintiff approximately 5 hours per week of wages for a period of approximately 62 weeks.

59. Corporate Defendant has failed to pay approximately $3,720 in wages not covered by the FLSA as detailed in Count 1.

60. Due to Corporate Defendant's breach of contract, Plaintiff has suffered damages.

61. In addition to these damages, Plaintiff is entitled to attorney's fees under Florida Statute 448.08.

WHEREFORE, Plaintiff, Rakib Hasan, respectfully requests that judgment be entered in his favor against Defendants as follows:

A. Declaring that Defendants violated the overtime provisions of 29 U.S.C. § 207;

B. Awarding Plaintiff overtime compensation;

C. Awarding Plaintiff all lost wages including front pay and back pay;

D. Awarding Plaintiff liquidated damages;

E. Awarding Plaintiff unpaid wages for breach of contract;

F. Awarding Plaintiff reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b) and Florida Statute 448.08;

G. Awarding Plaintiff post-judgment interest; and

H. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: August 9, 2021.

Respectfully submitted,

   /s/ R. Edward Rosenberg
R. Edward Rosenberg, Esquire
Fla. Bar No.: 88231
Sorondo Rosenberg Legal PA
1825 Ponce de Leon Blvd. #329
Coral Gables, FL 33134
E: rer@sorondorosenberg.com
T: 786.708.7550
F: 786.204.0844

Attorney for Plaintiff